STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
JAMIE A. RADACK (SBN 221000)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, CA 94070
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Plaintiff
PHRAME, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHRAME, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLENE CONSOLACION, BIIG TECHNOLOGIES, INC.<br><br>  Defendants. | CASE NO. 19-cv-03741-WHO<br><br>**PHRAME, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS BIIG TECHNOLOGIES, INC.'S COUNTERCLAIM**<br>[FRCP 12(b)(6)]<br><br>Date:     September 4, 2019<br>Time:    2:00 p.m.<br>Ctrm.:    2, 17th Floor<br>Judge:   William H. Orrick |

## NOTICE

**TO ALL PARTIES:**

NOTICE IS HEREBY GIVEN that on September 4, 2019, at 2:00 p.m., in Courtroom 2 of the court located at 450 Golden Gate Ave., San Francisco, California, plaintiff Phrame, Inc., ("Phrame") will and hereby does, move the court for an order dismissing defendant and counterclaimant Biig Technologies, Inc.'s ("Biig") "counterclaim to Phrame Inc." on the grounds that a corporation may not represent itself or otherwise appear through a non-attorney.

Biig, a Delaware corporation registered with the California Secretary of State, has improperly represented itself through defendant and counterclaimant Charlene Consolacion, a non-attorney. As such, Biig has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

The motion to dismiss is based upon this notice, the memorandum of points and authorities in support of the motion, Phrame's anticipated reply brief, all other pleadings and papers filed herein and such other matters as the court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Phrame, a California corporation, filed its complaint against Charlene Consolacion, an individual, and Biig Technologies, Inc., a Delaware corporation. Phrame alleged breach of fiduciary duty and duty of loyalty against Consolacion, individually, and patent infringement, misappropriation of trade secrets, interference with economic advantage, interference with contractual relationships, and injunctive relief against Consolacion and Biig.

Consolacion filed a joint answer to Phrame's complaint on behalf of herself and Biig in *pro per*. Consolacion and Biig alleged four counterclaims against Phrame, including misclassification of employees, violations of California's Unfair Competition Law, defamation, and injunctive relief. Only Consolacion signed the joint answer and counterclaim as "Charlene Consolacion Defendant in Pro Per."

A corporation may not represent itself and must appear in federal court through a licensed attorney. This Court also requires that a corporation appear through a member of the Northern District of California bar.

Consolacion and Biig's answer admits that Biig is a Delaware corporation. As such, Biig must be represented in this action through licensed counsel and Consolacion is barred from asserting any pleading on behalf of Biig.

Phrame's motion to dismiss Biig's counterclaims must be granted because they have been improperly brought by Consolacion, a *pro se* defendant.

### II.
### FACTS

**A.   Phrame's Complaint Against Charlene Consolacion and Biig Technologies, Inc.**

On June 27, 2019, Phrame filed its complaint against Charlene Consolacion and Biig Technologies, Inc.. (Complaint p. 1). Phrame is a California corporation with its principal place of

business in San Francisco, California. (Complaint ¶ 1).

Defendant Biig Technologies, Inc. is a Delaware corporation with its principal place of business in Burlingame, California. (Complaint ¶ 3; Answer ¶ 3).

Defendant Charlene Consolacion, however, is an individual. (Complaint ¶ 2). Consolacion is a former employee of Phrame. Consolacion formed Biig while she was still employed as Phrame's Chief Executive Officer. (Complaint ¶¶ 2, 12).

Phrame alleged breach of fiduciary duty and duty of loyalty against Consolacion and patent infringement, misappropriation of trade secrets, interference with economic advantage, interference with contractual relationships, and injunctive relief against Consolacion and Biig. (Complaint pp. 4-11).

B. **Consolacion and BIIG's Joint Answer and Counterclaim Against Phrame**

On July 9, 2019, Consolacion and Biig filed a joint answer to Phrame's complaint. (Answer p. 1). Consolacion filed the answer as a *pro se* defendant on behalf of herself and Biig. (Answer p. 1).

Consolacion and Biig's answer alleges four counterclaims against Phrame: misclassification of employees, violations of California's Unfair Competition Law, defamation, and injunctive relief. Consolacion also alleges these counterclaims against Phrame on behalf of herself and Biig. (Answer pp. 12-15).

Consolacion signed Consolacion and Biig's joint answer and counterclaim as "Charlene Consolacion, Defendant in Pro Per." (Answer p. 19).

## III.
## DISMISSAL IS APPROPRIATE WHERE A PLEADING FAILS TO ALLEGE AN ACTIONABLE CLAIM

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. To survive a motion to dismiss, a pleading's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the [pleading] are true." (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955 (2007)). Moreover, a motion to dismiss must be granted if the pleading does not allege facts necessary to support a cognizable legal claim that is "plausible on its face." (*Id.*).

## IV.
## A CORPORATION MAY NOT REPRESENT ITSELF AND MUST APPEAR THROUGH AN ATTORNEY

It is well established that "[c]orporations and other unincorporated associations must appear in court through an attorney." (*D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)). As recognized by the Supreme Court, "[it] has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." (*Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). This Court's Local Rule 3-9(b) also provides that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." (Civ. L.R. 3-9(b)).

In *Great American Ins. Co v. M.J. Menefee Const., Inc.*, a corporation filed a complaint against individual defendants and a corporation. (*Great American Ins. Co v. M.J. Menefee Const., Inc.*, 2006 WL 2522408). An individual *pro se* defendant filed a counterclaim on behalf of all defendants, including the defendant corporation. (*Id.*) The Eastern District of California noted that although the counterclaim appeared to be brought on behalf of all defendants, only the *pro se* defendant signed the counterclaim. (*Id.*) The court granted the plaintiff's motion to dismiss the counterclaim under Rule 12(b)(6) on the grounds that the *pro se* defendant, a non-lawyer, was barred from filing the counterclaim on behalf of any other defendant, including the defendant corporation: "A non-lawyer cannot represent a corporation, and a corporation cannot represent itself as a *pro se* [claimant]." (*Id.*)

Here, *pro se* defendant Consolacion filed a counterclaim against Phrame on behalf of herself and defendant Biig, a corporation. As in *Great American Ins. Co v. M.J. Menefee Const. Inc.*, only Consolacion signed the counterclaim in pro per. (*Great American Ins. Co v. M.J. Menefee Const. Inc., supra*). Consolacion, a non-attorney, has no standing or authority to assert any pleading or other filing on behalf of Biig. As such, Biig's counterclaims must be dismissed because they have been improperly brought by a non-attorney and Biig may not represent itself as a *pro se* claimant.

# V.
# CONCLUSION

Phrame's motion to dismiss Biig's "counterclaim against Phrame, Inc." must be granted because it has been improperly brought by *pro se* defendant Consolacion. A corporation may only appear in federal court through a licensed attorney and *pro se* defendant Consolacion has no standing or authority to assert any claims on behalf of defendant Biig in this matter.

Accordingly, Biig's counterclaims against Phrame must be dismissed in their entirety.

Dated: July 30, 2019

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP

By: _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Plaintiff
PHRAME, INC.

| | |
|---|---|
| CASE NAME: | Phrame, Inc. v. Consolacion, et al. |
| CASE NO.: | 3:19-cv-03741 WHO |

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San Carlos, CA 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**PHRAME, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS BIIG TECHNOLOGIES, INC.'S COUNTERCLAIM [FRCP 12(b)(6)]**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

Charlene Consolacion
700 Airport Blvd., Suite 450
Burlingame, CA 94010
Telephone: (415) 286-8052
Email: charleneconsolacion23@gmail.com

**In Pro Per**

☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2019, San Carlos, California.

*/s/ Abigail Calderon*
Abigail Calderon