UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA , SAN FRANCISCO

PHRAME INC. ;

    Plaintiff(s),

vs.

CHARLENE CONSOLACION;

BIIG TECHNOLOGIES INC.

    Defendant(s).

Case Number: 19-cv-03741-WHO

*Title of Document:*

**MOTION TO EXTEND TIME TO RESPOND TO PHRAME INC'S MOTION TO DISMISS BIIG TECHNOLOGIES INC.'S COUNTERCLAIM**

Date: September 4, 2019
Time: 2:00 p.m.
Place Courtroom 2, 17th Floor
Hon: William H. Orrick

## MOTION

Pursuant to Civil Local Rule 6-3 Counterclaimant Charlene Consolacion and Biig Technologies Inc. ("BIIG") respectfully request for an extension of time to file a response to dismiss Biig Technologies Inc.'s Counterclaim filed by counterclaim defendant Phrame Inc. ("Phrame").

Charlene Consolacion seeks an extension of 30 days from the original deadline to respond to dismiss Biig Technologies Inc.'s Counterclaim and to vacate the oral argument until after Charlene Consolacion obtains funds and retains counsel for Biig Technologies Inc. This is the first extension of time that *pro se* litigant is requesting.

## FACTS

Charlene Consolacion received an e-mail from Phrame Inc.'s counsel on July 29, 2019 at 2:12pm, mandating Charlene Consolacion to voluntarily dismiss counterclaim against Phrame

Inc. with a deadline of less than 10 hours **(EXHIBIT A)**. Otherwise, they would file a motion to dismiss based upon a corporation may not represent itself and must appear in federal court through a member of the Northern District Bar of California.

Charlene Consolacion reached out to opposing counsel for the extension of time to obtain funds and retain counsel for Biig Technologies Inc. **(EXHIBIT B)**.

## ARGUMENT

### I. CHARLENE CONSOLACION AND BIIG WILL SUFFER SUBSTANTIAL PREJUDICE IF THE COURT DOESN'T GRANT 30-DAY EXTENSION TO OBTAIN COUNSEL AGAINST COUNTERCLAIM DEFENDANT PHRAME INC.

On July 9, 2019, Charlene Consolacion was served by Phrame Inc.'s complaint against Biig Technologies Inc. at 6:00 a.m. in her house whereby Phrame Inc.'s process server was taking a video of her home, her vehicle's license plate number and took a picture of her.

On July 9, 2019, Charlene Consolacion and Biig Technologies Inc. filed an answer, counterclaim and a cross-claim against Phrame Inc. and Gary Golduber.

On July 29, 2019, Phrame Inc.'s counsel mandated Charlene Consolacion to voluntarily dismiss counterclaim against Phrame Inc. with a deadline of less than 10 hours. Otherwise, they would file a motion to dismiss.

On July 30, 2019, Phrame Inc. filed an answer to counterclaim with a motion to Dismiss Biig Technologies Inc.'s Counterclaim against Phrame Inc. based upon a corporation may not represent itself.

Charlene Consolacion then reached out to opposing counsel to grant her 30 days to obtain funds and retain counsel for Biig Technologies Inc. Phrame Inc. counsel responded that he would pass along the request to his client, Gary Golduber, and if he doesn't respond, Charlene Consolacion, an individual, should file her response to the motion.

Being forced to file a response to Phrame Inc.'s motion to dismiss Biig Technologies Inc.'s counterclaim as a *pro se* litigant representing a corporation will jeopardize the chance of Biig Technologies Inc. to be heard based on the merits of its case.

## II. CHARLENE CONSOLACION AND BIIG'S 30-DAY EXTENSION REQUEST IS OF GOOD CAUSE.

While Charlene Consolacion and Biig are respectful of the court's time, deadlines, and opposing party's time and deadlines, Charlene Consolacion and Biig require time to obtain funds to find counsel to represent the corporation. Under these circumstances, Counterclaimant hereby memorializes its request that the Court extends Counterclaimant response date in order that Counterclaimant doesn't inadvertently miss a deadline for filing its response to Counterclaim Defendant's Motion to Dismiss.

## CONCLUSION

For the above reasons, the Court is requested to find that these circumstances constitute good cause and to enter an order extending the time for filing the response to the Motion to Dismiss Counterclaims filed by Phrame Inc. to 30 days from the original deadline and to vacate the oral argument until after Charlene Consolacion obtains funds and retains counsel for Biig Technologies Inc.

Alternatively, if the Court is inclined to grant Phrame Inc. motion to dismiss Biig Technologies Inc.'s counterclaim, Charlene Consolacion and Biig are respectfully requesting to have it dismissed WITHOUT PREJUDICE.

Date: 08/12/19           Sign Name: _____
                         Print Name: CHARLENE CONSOLACION
                                     Defendant in Pro Per

# EXHIBIT A

**HAYES SCOTT BONINO ELLINGSON GUSLANI SIMONSON & CLAUSE LLP**

Stephen P. Ellingson, Esq. | Direct Line: 650.486.2873 | Email: sellingson@hayesscott.com | www.hayesscott.com

July 29, 2019

**VIA EMAIL ONLY** - (charleneconsolacion23@gmail.com)

Charlene Consolacion
BIIG TECHNOLOGIES, INC.
700 Airport Blvd., Suite 450
Burlingame, CA 94010

Re:  Phrame Inc. v. Consolacion, Biig Technologies, Inc.

Dear Ms. Consolacion:

Biig Technolgies, Inc.'s "counterclaim to Phrame Inc." is improper. A corporation may not represent itself and may only appear in federal court through a licensed attorney. (*D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); Civ. L.R. 3-9(b)).

Accordingly, we hereby request that you voluntarily dismiss Biig's "counterclaim to Phrame Inc." because Biig, a Delaware corporation, is improperly asserting its claims on its own behalf.

Enclosed is a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1). Please return a signed copy of the stipulation of dismissal or otherwise authorize us to file the stipulation using your electronic signature.

Our client's deadline to file a response is **by noon tomorrow, July 30, 2019**. If we do not hear from you by then, we will file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Sincerely,

Stephen P. Ellingson

SPE:ac

Enclosures: Stipulation of Dismissal; Proposed Order

# EXHIBIT B

### Extension of Time to Respond to Motion to Dismiss  Inbox ×



**Charlene Consolacion** <charleneconsolacion23@gmail.com>  Thu, Aug 8, 4:36 PM (2 days ago)
to sellingson, acalderon

Dear Mr. Ellingson,

I am writing as a pro per to ask for 30 days extension of time to respond to your Motion to Dismiss to be able to find the financial means and retain counsel for Biig Technologies Inc. under the principle that all sides to a dispute must be given the opportunity to fully advocate.

First, I was served by your process server at 6:00 am at my house and was taking a video of my entire home, and took a picture of me when I was served. I haven't been served before, but if this is the normal procedure constituting professional courtesy, then I felt harassed, violated and my privacy has been invaded.

Second, I received an e-mail from you giving me an ultimatum of less than 10 hours to sign a voluntary dismissal of my counterclaims against your clients. I have made commercially reasonable efforts to meet and confer, by calling you back and leaving you a voicemail.

Given the already unreasonably strained deadlines and such unprofessional conduct against me as a pro per defendant, I am asking you with professional courtesy, instead of engaging in hardball tactics designed to avoid resolution of the merits of this case to grant a pro per defendant the right to retain counsel.

CONSOLACION and BIIG'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS

CASE: 19-cv-03741-WHO

# EXHIBIT B CONTINUATION

**Stephen P. Ellingson** <sellingson@hayesscott.com>   Thu, Aug 8, 6:02 PM (2 days ago)
to Jamie, me, Abby

Dear Ms. Consolacion,

Your accusations of unprofessional conduct are unfounded and counterproductive. I will not dignify them with a response. Suffice to say, we have not engaged in any purportedly unprofessional conduct.

We have sent you several emails and letters, and I have left multiple voicemails for you. You have left me **one** voicemail early in that process, a call that I promptly returned and left another voicemail. Yet you have failed to respond.

As I explained in my voicemails, the court expects us to discuss certain issues pursuant to Rule 26. One of those issues will be early settlement discussions. It's really not possible to discuss any of those issues when you won't communicate with me.

I will pass along your request for an extension to my client. He may be out of town and at least temporarily beyond the reach of email. If I don't have a response from him before your response to the motion is due, you will need to file your response to the motion.

I remain ready, willing and able to discuss this matter with you in a phone call at a mutually convenient time. My availability will be quite limited between now and August 19, but I will do what I can to make something work with your schedule. If you have an urgent need to communicate, you can reach out to Jamie, my associate, or Abby, my secretary.

Thanks
Steve

Stephen P. Ellingson
Hayes Scott Bonino Ellingson
Guslani Simonson & Clause, LLP
999 Skyway Rd., Suite 310
San Carlos, CA  94070
650.637.9100 (main)
650.486.2873 (direct)
650.637.8071 (fax)

# EXHIBIT B CONTINUATION

Charlene Consolacion <charleneconsolacion23@gmail.com>　　　　　　　　　　　　　　　　Aug 8, 2019, 6:38 PM (2 days ago) 
to Stephen, Jamie, Abby

Dear Mr. Ellingson,

I am not accusing; I have simply stated the facts that:

1. I was served by your process server at 6:00 am at my house and was taking a video of my entire home, and took a picture of me when I was served.
2. I received an e-mail from you giving me an ultimatum of less than 10 hours to sign a voluntary dismissal of my counterclaims against your clients. I have made commercially reasonable efforts to meet and confer, by calling you back and leaving you a voicemail.

With all due respect Mr. Ellingson, I am running a startup and that includes traveling and constantly on the road meeting with customers. Despite this, I have been diligently meeting deadlines to respond to your clients' frivolous claims.

Given the already unreasonably strained deadlines as a pro per defendant, I am simply asking to extend the time to respond for 30 days to retain a counsel to handle this case. If your client doesn't agree on this, then I will ask the court to grant me an extension to retain a counsel.

I have received two voicemails from you about "discussing" but none of which is about early settlement discussion. If you could've sent a notice about early settlement discussion proposal, I could've already started presenting this to my shareholders.

Mr..Ellingson, unlike your client Gary Golduber who constantly used his majority shareholder power and unilaterally added his son-in-law to the BOD, a decision at Biig Technologies Inc. is decided unanimously.

Thank you,
Charlene

...

 Reply     Reply all     Forward

CONSOLACION and BIIG'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS
CASE: 19-cv-03741-WHO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| PHRAME INC.; <br><br> Plaintiff(s), <br><br> vs. <br><br> CHARLENE CONSOLACION; <br><br> BIIG TECHNOLOGIES INC. <br><br> Defendant(s). | Case Number: 19-cv-03741-WHO <br><br> *Title of Document:* <br><br> **DECLARATION OF CHARLENE CONSOLACION IN SUPPORT OF COUNTERCLAIMANT MOTION TO EXTEND TIME TO RESPOND TO PHRAME INC'S MOTION TO DISMISS BIIG TECHNOLOGIES INC.'S COUNTERCLAIM** <br><br> Date: September 4, 2019 <br> Time: 2:00 p.m. <br> Place Courtroom 2, 17th Floor <br> Hon: William H. Orrick |

I, Charlene Consolacion, declare as follows:

1. I am the CEO of Biig Technologies Inc., the counterclaimant in this case. I state all facts herein of my own first-hand knowledge, and if called as a witness, I could and would competently testify thereto.

2. I am a *pro se* litigant and require additional time to obtain funds and retain a counsel for Biig Technologies Inc. to be represented in Court.

3. On July 9, 2019, I was served by Phrame Inc.'s complaint against Biig Technologies Inc. at 6:00 a.m. in my house whereby Phrame Inc.'s process server was taking a video of my home, my vehicle's license plate number and took a picture of me.

4. On July 9, 2019, I filed an answer, counterclaim and a cross-claim against Phrame Inc. and Gary Golduber.

DECLARATION OF CHARLENE CONSOLACION IN SUPPORT OF
COUNTERCLAIMANT MOTION TO EXTEND TIME TO RESPOND

CASE: 19-cv-03741-WHO

5. On July 29, 2019, Phrame Inc.'s counsel mandated me to voluntarily dismiss counterclaim against Phrame Inc. with a deadline of less than 10 hours. Otherwise, they would file a motion to dismiss. A true and copy of this e-mail is attached as Exhibit A.

6. On July 30, 2019, Phrame Inc. filed an answer to counterclaim with a motion to Dismiss Biig Technologies Inc.'s Counterclaim against Phrame Inc. based upon a corporation may not represent itself.

7. I then reached out to opposing counsel to grant me 30 days to obtain funds and retain counsel for Biig Technologies Inc. Phrame Inc. counsel responded that he would pass along the request to his client, Gary Golduber, and if he doesn't respond, I, an individual, should file my response to the motion. A true and correct copy of this e-mail is attached as Exhibit B.

8. I respectfully request an extension of 30 days to obtain funds and retain a counsel for Biig Technologies Inc. to be represented in Court.

9. I respectfully request to vacate the oral argument until after I obtain funds and retain counsel for Biig Technologies Inc.

I declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct and if called upon to testify could and would competently testify thereto.

*[signature]*

Charlene Consolacion

DECLARATION OF CHARLENE CONSOLACION IN SUPPORT OF
COUNTERCLAIMANT MOTION TO EXTEND TIME TO RESPOND

CASE: 19-cv-03741-WHO